# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**CHRISTINA ESTERAS** | Case No. 2:19-cr-00359-JDW |

### MEMORANDUM

Christina Esteras wants this Court to revisit the sentence that it imposed on her. However, the Court does not have the power to do so (nor does it see a basis to do so). It will therefore deny her Motion.

### I. BACKGROUND

Ms. Esteras pled guilty to attempted possession with intent to distribute 500 grams or more of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. The Court sentenced Ms. Esteras on March 4, 2020, and it entered judgment on March 5, 2020. (ECF Nos. 28, 29.) At sentencing, the Court concluded that the safety valve provisions of 18 U.S.C. § 3553(f) apply to Ms. Esteras and therefore departed below the mandatory 5-year statutory minimum. The Court determined that the Sentencing Guidelines recommend a sentence of 30-37 months and imposed a sentence on 30 months. On March 18, Ms. Esteras filed this Motion, asking the Court to reduce her sentence pursuant to Federal Rule of Criminal Procedure 35(a). The Government opposed that Motion two days later.

## II.  DISCUSSION

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir.2007). Section 3582 offers three exceptions to this general rule: (a) upon a motion by the director of the Bureau of Prisons or upon a motion of the defendant after the defendant exhausts administrative rights to compel the Bureau of Prisons to file such a motion, and even then only under certain circumstances; (b) for any basis that Federal Rule of Criminal Procedure 35 permits; or (c) if the Sentencing Guidelines range for that defendant is lowered after the sentencing. The first and third exceptions do not apply here, and Ms. Esteras does not invoke them. Instead, she relies only on Rule 35.

Two problems doom Ms. Esteras's request right from the start. First, Rule 35(a) only permits a Court to act within 14 days after sentencing. The 14-day timeframe is jurisdictional, and a district judge must actually correct the sentence within 14 days. *See United States. v Shank*, 395 F.3d 466, 469 (4th Cir. 2005); *United States v. Harris*, 358 F. Supp.3d 1202, 1205 (D. Colo. 2019). It is "apparently not enough that a defendant files a motion within this timeframe." *Harris*, 358 F. Supp.3d at 1205. The time begins to run when a Court pronounces sentence orally, not when the judgment is entered. *See* Fed. R. Crim. P. 35(c). More than 14 days have now passed since the Court sentenced Ms. Esteras. Indeed, she did not file her motion until the 14th day after the sentencing. The Court therefore lacks jurisdiction to proceed on her claim.

In addition, Rule 35(a) only permits a Court to correct a sentence that results from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The

2

authority to correct a sentence is "very narrow" and "extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a romance of the case to the trail court for further action under Rule 35(a)." Fed. R. Crim. P. 35 Adv. Comm. Note (1991 amendments to Rule 35(c). Ms. Esteras does not suggest the Court made an arithmetical or technical error. She therefore would have to show that the Court committed a clear error. She has not made such a showing. "'[C]lear error,' whatever else it means, does not appear to include the results of re-weighing" the sentencing factors in 18 U.S.C. § 3553(a). *Harris*, 258 F. Supp.3d at 1205; *see also United States v. Lett*, 483 F.3d 782, 788 (11th Cir. 2007). Ms. Esteras's Motion, however, does not point to a legal or factual error in the Court's sentencing decision. It just asks the Court to take another look. Rule 35(a) does not permit the Court to do so.

## III. CONCLUSION

Rule 35 constrains the Court's ability to revisit sentences. This is good because it assures finality, and it forces everyone involved in a sentencing, including (and maybe especially) the Court to focus their minds and ensure that they get to the right outcome. The Court will therefore deny Ms. Esteras's Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 2, 2020

3