**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CHRISTINA ESTERAS** | **Case No. 2:19-cr-00359-JDW** |

## MEMORANDUM

Christina Esteras has served 10 months of a 30-month sentence. She has been under home confinement for 7 of those 10 months. Now, she wants this Court to reduce her 30-month sentence to time served. However, in order to grant this Motion, the Court must find that extraordinary and compelling circumstances exist, that the reduced sentence aligns with the factors courts must consider when imposing a sentence, and that Ms. Esteras no longer poses a danger to society. Ms. Esteras has not satisfied any of these requirements. The Court will therefore deny her Motion.

## I.      BACKGROUND

Ms. Esteras pled guilty to attempted possession with intent to distribute 500 grams or more of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, carrying a sentence of 5 to 40 years imprisonment. The Court sentenced Ms. Esteras on March 4, 2020, and it entered judgment on March 5, 2020. (ECF Nos. 28, 29.) At sentencing, the Court concluded that the safety valve provisions of 18 U.S.C. § 3553(f) applied to Ms. Esteras and therefore departed below the mandatory 5-year statutory minimum. The Court

determined that the Sentencing Guidelines recommended a sentence of 30-37 months and imposed a sentence of 30 months.

Ms. Esteras was incarcerated at FCI Danbury from March 24, 2020, until June 22, 2020. The Bureau of Prisons then released her to serve the remainder of her sentence on home confinement. Approximately 10 months into her 30-month sentence, after 7 months of home confinement, Ms. Esteras filed the instant Motion requesting the Court release her for time served, reducing her sentence by approximately 67%; a sentence that was already 30 months below the statutory mandatory minimum.

She argues that she qualifies for the "extraordinary and compelling reasons" provision of 18 U.S.C. § 3582(c)(1)(A)(i) allowing for compassionate release because the father of her children died in January. Her mother, who appears to have been helping with childcare, is afraid to contract COVID and so is hesitant to help with the children now. Finally, she claims her home confinement has made it difficult to schedule appointments for her children.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A) a district court may reduce an inmate's sentence as a form of compassionate release after the defendant has exhausted her administrative remedies only if the Court finds that: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Gilbert*, No. CR 18-00095, 2021 WL 492536, at *2 (E.D. Pa. Feb. 10, 2021).

A district court may only consider such a request for compassionate release from a prisoner when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days from the receipt of such a request by the warden of the defendant's facility" have elapsed. 18 U.S.C. § 3582(c)(1)(A). A prisoner does not need to exhaust her administrative appeals, so long as she has satisfied the 30-day waiting requirement. *See United States v. Rodriguez*, No. 03-CR-00273, 2020 WL 1627331, at *2, n.6 (E.D. Pa. Apr. 1, 2020) ("The government agrees that Rodriguez's motion is properly before the Court because he has complied with § 3582(c)(1)(A)'s 30-day lapse provision.").

Ms. Esteras has satisfied the timing requirement. She made her request for compassionate release on May 10, 2020, and the Warden denied her request on May 14, 2020. (ECF No. 47 at 3.) She then filed this Motion on January 13, 2021. Unfortunately, that is the only element of § 3582(c) she satisfies.

## III.   ANALYSIS

### A.  Extraordinary And Compelling Reasons

Congress did not define the term "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 18 U.S.C. § 994(t). Rather, Congress delegated the authority to define "extraordinary and compelling reasons" to the Sentencing Commission. *See United States v. Johnson*, No. CR 17-518-5, 2021 WL 308230, at *2 (E.D. Pa. Feb. 2, 2021).

Application Note 1 to § 1B1.13 of the Sentencing Guidelines enumerates three specific situations that qualify as "extraordinary and compelling" based on the medical condition, age, or family circumstances of the defendant. U.S.S.G. § 1B1.13 n.1(A)-(C). Application Note 1 further provides a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D); *see United States v. Rodriguez*, 451 F. Supp. 3d 392, 400 (E.D. Pa. 2020). Ms. Esteras argues she qualifies under the family circumstances category, which states "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" is an extraordinary or compelling circumstance warranting compassionate release. U.S.S.G. § 1B1.13 n.1(C)(i).

Ms. Esteras's circumstances do not fall into this category. The record demonstrates that Ms. Esteras is the primary caregiver for her children. During her time on home confinement, she has apparently received a pass to leave her home for childcare purposes. She has not requested a modification to her supervision to allow for better care for her children. Ms. Esteras argues that she has had difficulty caring for her children under the conditions of home confinement. The only example she provides is one short sentence in her brief claiming that "she has been unable to get enough time away from the home to bring all three children to dentist appointments." (ECF No. 47 at 6.) She provides no support for that assertion, and the record contradicts it. But even if it were true, that limitation alone would not qualify as an extraordinary and compelling circumstance to justify such a dramatic modification of her sentence.

4

Ms. Esteras also posits that the death of the children's father and changes in her mother's circumstances justify a modification of her sentence. Neither justifies a reduction in her sentence. First, although her children's father died on January 5, 2021, the record suggests that he was not a caregiver to the children. At sentencing, the Presentence Investigation Report stated, without objection from Ms. Esteras, that the father was "not involved" in the children's lives and resided in Chambersburg, Pennsylvania. Ms. Esteras's mother confirmed the father was "not a part of their lives." (PSR ¶ 55.) Ms. Esteras stressed, "it's just me and my kids . . . my kids only have me." (*Id.* ¶ 52.) Ms. Esteras argues that the father was a potential caregiver, but the family circumstances category has no such "potential" qualifier. A prisoner only meets these requirements where the *actual* caregiver of her children dies or becomes incapacitated.

Ms. Esteras apparently receives help caring for her children from her mother. Assuming that makes her mother a "caregiver," Ms. Esteras has not demonstrated that her mother is incapacitated. Her mother had a stroke in 2019, before the sentencing in this case, but she was able to care for the children while Ms. Esteras was incarcerated. In fact, Ms. Esteras's mother has said that her stroke did not disable her. (*Id.* ¶ 55.) So the stroke does not create an incapacity. Ms. Esteras's father apparently had COVID-19 in January 2021, and that might have made Ms. Esteras's mother temporarily unavailable to help with the children while she had to quarantine. But that temporary unavailability does not justify a modification of the sentence.

### B.  Considering § 3553(a) Sentencing Factors

Relevant factors that a court should consider when imposing a sentence include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; [and] . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). These factors do not favor a modification of the sentence.

Ms. Esteras pled guilty to attempted possession with intent to distribute 500 grams or more of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. These are serious crimes that carry a sentence of 5 to 40 years imprisonment. Although this is her first offense, and she cooperated with the prosecution and the police on the scene during the arrest, it also appears she had been engaging in this sort of activity in the past. (*See* PSR ¶¶ 20-21.)

Releasing Ms. Esteras after serving a third of her sentence would fail to reflect the seriousness of her offense, promote respect for the law, or provide just punishment. Such a dramatic departure from the recommended sentence would also not afford adequate deterrence to similar criminal conduct. It might also suggest to Ms. Esteras that she can get away with serious crimes with relatively light sentences, which could lead her to commit similar crimes in the future. Finally, a 10-month sentence for a crime that typically carries a sentence of 60 to 480 months would

create a significant sentence disparity among defendants with similar records who have been found guilty of similar conduct.

Ms. Esteras has not provided any specific arguments addressing how § 3553(a)'s factors favor this reduction in her sentence. While the Court commends Ms. Esteras for "reflect[ing] on her actions and acknowledg[ing] the mistakes she made and the people that she harmed," that does not satisfy § 3553(a). (ECF No. 47 at 8.) Nothing before the Court suggests this reduction equates to a sentence that is sufficient but not greater than necessary.

### C. Consistency With Sentencing Commission Policy Statement

The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13; *see United States v. Martines*, No. CR 94-127-3, 2021 WL 427285, at *5-6 (E.D. Pa. Feb. 8, 2021). Ms. Esteras has not provided any evidence on whether she is still a danger to the safety of others, beyond a conclusory assertion that she "poses no safety risk to the public." (ECF No. 47 at 8.) This is not enough.

## IV.    CONCLUSION

Ms. Esteras recognizes that "she needs to be present for her children and family." (*Id.* at 8.) She is present, and she will remain present through the remainder of her term of imprisonment in the comfort of her home. As she herself admits, "her situation could be much worse." (*Id.*) She does not satisfy the standard for compassionate release after serving just ten months of a thirty-month sentence. The Court will therefore deny Ms. Esteras's Motion. An appropriate Order follows.

BY THE COURT:

_/s/ Joshua D. Wolson_
**JOSHUA D. WOLSON, J**.

March 2, 2021